UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DON ACQUANA WADE,<br><br>*Plaintiff/Appellant,*<br><br>v.<br><br>HOUSEHOLD FINANCE CORPORATION, III,<br><br>*Defendant/Appellee.* | Case No. 5:17-cv-00148-XR |

## ORDER

On this date the Court considered Plaintiff Don A. Wade's Appeal from the Order of the United States Bankruptcy Court for the Western District of Texas dismissing his claims on the basis of res judicata. For the following reasons, Plaintiff's Appeal is DISMISSED.

## BACKGROUND

In October 2016, Plaintiff Don A. Wade filed an adversary Complaint against Defendant Household Finance Corporation in the United States Bankruptcy Court for the Western District of Texas, seeking an injunction and monetary damages related to a mortgage loan.[1] Plaintiff previously brought two lawsuits against Defendant concerning the loan. *Wade v. Household Fin. Corp. III*, No. 1-15-CV-210 RP, 2015 WL 3540421 (W.D. Tex. June 4, 2015) (hereinafter "*Wade I*"); *Wade v. Household Fin. Corp. III*, No. 1-15-CV-1086 RP, 2016 WL 540814 (W.D. Tex. Feb. 9, 2016) (hereinafter "*Wade II*"). The Court in *Wade II* found that Plaintiff's claims were, based on *Wade I*, barred by res judicata. *Wade II*, 2016 WL 540814, at *3.

---

[1] Case No. 16-05083-rbk, Docket no. 2.

1

Defendant filed a Motion to Dismiss[2] that was granted by the Bankruptcy Court on January 9, 2017. The Bankruptcy Court's Order ("the Order") is set out here in full:

> ORDER GRANTING THE HOUSEHOLD FINANCE CORPORATION, III'S MOTION TO DISMISS
>
> On this day came to be heard Defendant Household Finance Corporation III's ("Household") Motion to Dismiss and Brief in Support (the "Motion") and, after reviewing the Motion, briefing and arguments of counsel, the Court is of the opinion that the Motion should be, and hereby is, GRANTED.
>
> IT IS THEREFORE ORDERED, ADJUDGED, and DECREED that all of Plaintiff's claims and causes of action against the Household are hereby dismissed in their entirety.

Case No. 16-05083-rbk, Docket no. 9.

Plaintiff filed a Notice of Appeal on January 30, 2017.[3] Plaintiff complains of the Bankruptcy Court's dismissal order, as well as the orders issued by Judge Pitman in Plaintiff's prior cases. Defendant contends that this Court lacks appellate jurisdiction because Plaintiff's Notice of Appeal was untimely filed and, in the alternative, that the Bankruptcy Court's order should be affirmed.

**DISCUSSION**

Rule 7058 of the Federal Rules of Bankruptcy Procedure provides that Rule 58 of the Federal Rules of Civil Procedure applies in adversary proceedings. FED. R. BANKR. P. 7058. Under Rule 58, "[e]very judgment and amended judgment must be set out in a separate document . . . ." FED. R. CIV. P. 58(a). For purposes of Rule 58, a "judgment" is "a decree or any order from which an appeal lies." *Theriot v. ASW Well Serv., Inc.*, 951 F.2d 84, 88 (5th Cir. 1992). The Advisory Committee's Notes on Rule 58 clarify that a valid entry of a judgment

---

[2] Case No. 16-05083-rbk, Docket no. 3.
[3] Case No. 16-05083-rbk, Docket no. 12.

requires "that there be a judgment set out on a separate document—*distinct from any opinion or memorandum*—which provides the basis for the entry of judgment." FED. R. CIV. P. 58 advisory committee's note (emphasis added); *see also State Nat'l Bank of El Paso v. United States*, 488 F.2d 890, 893 (5th Cir. 1974) ("Rule 58 requires a judgment separate and apart from an accompanying opinion."). This requirement "must be mechanically applied in order to avoid new uncertainties as to the date on which a judgment is entered." *United States v. Indrelunas*, 411 U.S. 216, 222 (1973). The purpose of the Rule is to "clarify when the time for an appeal begins to run." *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 384 (1978).

The Order of the Bankruptcy Court satisfies the requirements of Rule 58. The Fifth Circuit has found an order to be satisfactory under Rule 58 when "it was clearly labeled as a 'final judgment,' did not contain any legal reasoning, and cited to no legal authorities." *Ludgood v. Apex Marine Corp. Ship Mgmt.*, 311 F.3d 364, 369 (5th Cir. 2002). The Order here does not contain any legal reasoning, nor does it cite any legal authorities.[4] While the Order is not explicitly styled as a "final judgment," this is not required by the plain language of Rule 58. Further, the Fifth Circuit found that the following order complied with Rule 58, even though it contained a legal citation:

### ORDER

> Defendant's motion to dismiss the complaint on the ground that the Court does not have jurisdiction over the subject matter, and on the ground that plaintiff has failed to state a claim against the defendant upon which relief may granted having duly come on to be heard, and the Court having the record before it, and the Court being otherwise duly advised in the premises, it is ORDERED and ADJUDGED that the motion be, and the same hereby is granted, and the complaint is dismissed. *See, e.g.*, . . . ."

*Weinberger v. United States*, 559 F.2d 401, 402 (5th Cir. 1977).

---

[4] Case No. 16-05083-rbk, Docket no. 9.

If this order is sufficient as a separate document under Rule 58, the Order at hand is as well. Notably, the order in *Weinberger* did not state explicitly that it was a final judgment. Here, the Order is two sentences long; the first declares that Defendant's Motion to Dismiss is granted, and the second merely reiterates that the effect of the Order is to dismiss "Plaintiff's claims . . . in their entirety." Doc. No. 9. It is "succinct and to the point," *Perez v. United States*, 736 F.2d 236, 238 (5th Cir. 1984), "expressly [grants] the relief requested," *InterFirst Bank Dallas, N.A. v. F.D.I.C.*, 808 F.2d 1105, 1109 (5th Cir. 1987), and "[i]t indicates a plain intent . . . to take final, dispositive, and adjudicatory action . . . ." *Id.* To characterize it as an "opinion or memorandum" requiring a separate document announcing the judgment would be even more of a stretch than it would have been in *Weinberger*.

Further, the notion that Rule 58 requires two documents is unsupported by the text of the Rule and authorities that have interpreted it. The Fifth Circuit noted in *Perez* that "[t]he mere fact that the first sentence of the order adopts the magistrate's report and recommendation, does not require that two documents be used by the district court rather than one." *Perez v. United States*, 736 F.2d 236, 238 (5th Cir. 1984). As long as an order is sufficient as a "judgment . . . set out in a separate document," FED. R. CIV. P. 56(a), only one document is required. *See Perez*, 736 F.2d at 238; *see also United States v. Clearfield State Bank*, 497 F.2d 356, 359 (10th Cir. 1974) ("The trial court wrote no opinion or memorandum, his order granting summary judgment being itself a separate document.").

Rule 8002(a)(1) of the Federal Rules of Bankruptcy Procedure provides that: "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." FED. R. BANKR. P. 8002(a)(1). Plaintiff filed his Notice of Appeal twenty-one days after the Bankruptcy Court's Order was entered. Moreover, Plaintiff did not file

a Motion for Extension of Time.[5] "[F]ailure to file a timely notice of appeal in the district court leaves the district court . . . *without jurisdiction* to hear the appeal." *In re Berman-Smith*, 737 F.3d 997, 1003 (5th Cir. 2013) (emphasis added). In other words, Plaintiff's failure to timely file his Notice of Appeal deprives this Court of authority to evaluate the merits of the Appeal. When the Court does not have jurisdiction, "the proper remedy" is dismissal. *Id.* Although Plaintiff has offered to cure the untimely filing by filing a motion to extend time, the time for doing so has expired.

In the alternative, if the Order did not qualify as a separate document judgment under Rule 58 and this Court does have jurisdiction to hear Plaintiff's Appeal, the Court affirms the Bankruptcy Court's judgment because Plaintiff's claims are barred by res judicata. The res judicata doctrine "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). "The test for res judicata has four elements:"

> (1) the parties are identical or are in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions.

*Id.*

For purposes of this analysis, the Court focuses on *Wade I* and Plaintiff's adversary Complaint in the Bankruptcy Court.[6] *Wade I* was an action brought by Plaintiff against Defendant, so the first element is satisfied. *See generally Wade I*, 2015 WL 3540421.

---

[5] *See* FED. R. BANKR. P. 8002(d)(1) ("[T]he bankruptcy court may extend the time to file a notice of appeal upon a party's motion that is filed: (A) within the time prescribed by this rule; or (B) within 21 days after that time, if the party shows excusable neglect."). It has now been well over twenty-one days since the Bankruptcy Court's Order.
[6] Doc. No. 2.

Further, the Court in *Wade I* was a Court of competent jurisdiction. A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a) (2012). It is undisputed that Defendant is incorporated in Delaware with its principal place of business in Illinois, and that Plaintiff is a citizen of Texas.[7] *Wade I* was therefore a civil action between citizens of different states. *See* 28 U.S.C. § 1332(c)(1).

As to the amount in controversy, "[w]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-58 (5th Cir. 1961); *see also Wash. State Apple Adver. Comm'n v. Hunt*, 432 U.S. 333, 347 (1977) ("[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation"). In *Wade I*, plaintiff sought a declaratory judgment that "the Property is properly owned by Plaintiff, free and clear, of Defendant's interest or any liens attached as a result of Defendant's interest . . . ."[8] Further, it is undisputed that the value of Plaintiff's property was appraised by a Caldwell County tax assessor at $79,380.[9] Since in *Wade I* the amount in controversy was determined by the value of the property at issue, and because Plaintiff's property was estimated to be worth over $75,000, the jurisdictional amount-in-controversy requirement was satisfied. Thus, diversity jurisdiction in *Wade I* was proper.

---

[7] Case No. 1-15-cv-00210-RP, Docket no. 1 at 3.
[8] Case No. 1:15-cv-00210-RP, Docket no. 5 at 12.
[9] Case No. 1:15-cv-00210-RP, Docket no. 1-6 at 2.

Next, *Wade I* was indeed "concluded by a final judgment on the merits." In *Wade I*, the Court granted Defendant's Rule 12(b)(6)[10] motion to dismiss with respect to all of Plaintiff's claims. *See generally Wade I*, 2015 WL 3540421. Dismissal under 12(b)(6) constitutes a final judgment on the merits. *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981). Further, a final judgment was properly entered pursuant to Rule 58.[11] *See* Fed. R. Civ. P. 58(a).

Finally, in determining whether "the same claim or cause of action was involved in both actions," the Fifth Circuit employs a transactional test. *Houston Prof'l Towing Ass'n v. City of Houston*, 812 F.3d 443, 447 (5th Cir. 2016). This test "focuses on whether the two cases are based on the same nucleus of operative facts." *Id.* (internal quotations omitted). "It is the nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted that defined the claim." *Id.* (internal quotations omitted). Relevant is "whether the facts are related in time, space, origin, or motivation . . . ." *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 396 (5th Cir. 2004).

It cannot be doubted that the claims brought in Plaintiff's adversary Complaint arise out of the very same facts as did the claims in *Wade I*. Both complaints are based on the 2005 loan agreement and Defendant's allegedly wrongful foreclosure on Plaintiff's property in 2014. The nucleus of operative facts is identical.

## Conclusion

For these reasons, Plaintiff's Appeal from the Order of the United States Bankruptcy Court for the Western District of Texas is DISMISSED for lack of jurisdiction.

---

[10] FED. R. CIV. P. 12(b)(6).
[11] Case No. 1:15-cv-00210-RP, Docket no. 12.

In the alternative, if the Court does have jurisdiction, the Bankruptcy Court's judgment is AFFIRMED.

The Clerk shall enter judgment accordingly and close this case.

It is so ORDERED.

SIGNED this 8th day of June, 2017.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE